POFF *v.* POSTUM COMPANY, INC.

WORKMEN'S COMPENSATION—LOSS OF PHALANGE AND A HALF OF INDEX FINGER.

> Employee who had lost a phalange and a half of his right index finger prior to enactment of workmen's compensation act and suffered loss of remaining phalange and a half of same finger after its enactment *held*, entitled to compensation for loss of an entire finger (2 Comp. Laws 1929, § 8426).

Appeal from Department of Labor and Industry. Submitted January 11, 1935. (Docket No. 77, Calendar No. 38,080.) Decided March 5, 1935.

R. E. Poff presented his claim against Postum Company, Inc., employer, and Hartford Indemnity Company, insurer, for loss of an index finger. Award to plaintiff. Defendants appeal. Affirmed.

*Harold E. Steinbacher,* for plaintiff.

*Harold S. Knight,* for defendants.

WIEST, J. Plaintiff applied for specific statutory compensation, under the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*), for loss of the index finger of his right hand, was awarded $18 per week for 35 weeks, and defendants review by appeal. Twenty-six years previous to the accident here involved, and before enactment of the compensation law, plaintiff suffered loss of the first or distal phalange and half of the second phalange of the same finger. This left him with a phalange and a half of his finger at the time of the enactment of the compensation law in 1912. The compensation

act, 2 Comp. Laws 1929, § 8426, provides a specific award:

"For the loss of a first finger, commonly called index finger, * * *.

"The loss of more than one phalange shall be considered as the loss of the entire finger."

Defendants contend "that an injured employee can lose a finger, within the meaning of the act, but once." The department of labor and industry held, in effect, that inasmuch as the first loss antedated the compensation act and left plaintiff's finger with a phalange and a half, which he lost while employed under the act, the loss was of the finger within the terms of the act.

The act carries its own definitions. In common parlance, plaintiff did not lose his index finger in the first accident, but a part thereof. The legislature probably had in mind the loss of the distal phalange, but we cannot say, under the terms employed in the act, that loss of the distal phalange is *sine qua non*.

Plaintiff's loss falls within the terms of the statute and we may not circumscribe the enactment to the exclusion of the instance at bar.

Plaintiff had a phalange and a half of his finger to lose, and lost it. His stub finger was of some use in industry. Had the first loss been after instead of before the enactment, it might well be said that he could not lose the finger the second time, but the second loss alone was under the act and within its express terms.

The award is affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.